IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Antwan Wydell Callahan, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>Harold W. Clarke )<br>    Respondent. ) | 1:11cv347 (GBL/TRJ) |

F I L E D
JAN -3 2012
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

This Matter is before the Court on respondent's Motion to Dismiss this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed pro se by Antwan Wydell Callahan, an inmate currently confined in Virginia. Petitioner challenges the validity of his conviction of second degree murder, use of a firearm in commission of a felony, and attempted robbery pursuant to a guilty plea in the Circuit Court for the City of Richmond. For the reasons that follow, respondent's Motion to Dismiss will be granted, and Callahan's petition will be dismissed.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court of the City of Richmond entered on February 15, 2005. Petitioner pleaded guilty to one count of second degree murder, Commonwealth v. Callahan, No. CR04-F-2682, one count of use of a firearm in the commission of a felony, id. at No. CR04-F-2683, and one count of attempted robbery, id. at No. CR04-F-3328. The court sentenced petitioner to forty years in prison for the second degree murder count, three years in prison for the use a of a firearm in the commission of a felony, and ten years with five years suspended for the attempted robbery conviction.

Petitioner appealed his conviction to the Court of Appeals of Virginia, which dismissed the petition for appeal for failure to timely file a transcript or statement of facts. R. No. 0578-05-2. Petitioner filed a petition for rehearing en banc, which the Court of Appeals denied on July 7, 2005. On June 22, 2006, the Supreme Court of Virginia refused Callahan's petition for further appeal. R. No. 060583.

Petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

> (1) The trial court erred by failing to inform the petitioner of his right to appeal his sentence.
>
> (2) Petitioner was denied effective assistance of counsel because counsel failed to perfect an appeal of the conviction.
>
> (3) Petitioner's guilty plea was not knowing, voluntary, and intelligent, and thus was invalid.
>
> (4) Petitioner was denied the right to trial because he unsuccessfully attempted to withdraw his guilty plea in an effort to vindicate the right to trial.

State Pet. at 3-4, Resp't Mem. at Ex. 1; ECF No. 8.

On January 8, 2007, the Supreme Court of Virginia granted the writ, but only on the issue of the denial of petitioner's right to appeal. R. No. 060448; Resp't Mem. at Ex. 2; ECF No. 8. The Virginia Supreme Court explained that its decision was "without prejudice to the petitioner's right to file a subsequent petition for writ of habeas corpus <u>limited to the ground or grounds assigned in the present petition.</u> <u>Id.</u> (emphasis added).

Petitioner pursued a delayed appeal to the Court of Appeals of Virginia, which was denied on September 14, 2007. R. No. 0527-07-2. Petitioner sought review by a three-judge

panel of the Court of Appeals, which also denied the petition on November 27, 2007. Id.

On March 6, 2009, petitioner filed a second state petition for writ of habeas corpus in the Circuit Court for the City of Richmond, Virginia. The petition raised the following claims:

> (A) Ineffective assistance of trial counsel in the following respects:
>
>> (1) Failure to properly investigate petitioner's competency to stand trial;
>>
>> (2) Failure to discuss with petitioner the viability of an insanity defense;
>>
>> (3) Failure to raise the issue of the petitioner's sanity at the time of the commission of the crimes charged;
>>
>> (4) Failure to call Evan S. Nelson, Ph.D. to testify to the petitioner's sanity at the time of the offense;
>>
>> (5) Counsel was ineffective for taking advantage of petitioner's alleged mental illness.
>
> (B) Ineffective counsel with respect to the plea agreement in the following respects:
>
>> (1) Counsel failed to put the plea agreement on record in the presence of the judge;
>>
>> (2) Counsel failed to contest the breach of the plea agreement by the Commonwealth and the Court;
>>
>> (3) Counsel failed to properly advise the petitioner of the consequences of his guilty plea and the true nature of his guilty plea;
>>
>> (4) Counsel lied to the petitioner in open court in order to get the petitioner to enter a guilty plea;

    (5) Counsel informed petitioner that if he entered a guilty plea, he would be sentenced within the sentencing guidelines, which the petitioner maintains is evidence of counsel's coercion;

    (6) Petitioner contends that his rights under the 5th and 6th amendments of the Constitution were violated through counsel's coercion to enter a guilty plea without informing him of the possible penalties to the offense;

    (7) Counsel failed to request a competency hearing before petitioner entered his plea of guilty to establish that petitioner understood the proceedings and its consequence.

(C) The plea agreement drafted by the prosecution caused a "conflict between the appellate court and the trial court."

(D) Trial counsel possessed a conflict of interest, in that counsel was "good friends" with the victim and the family of the victim of the instant offenses. Petitioner argues that as a result of that relationship, counsel coerced the petitioner into entering a guilty plea.

Second State Pet., Ex. 5; ECF No. 8.

In an Order dated September 14, 2009, the Circuit Court for the City of Richmond, Virginia denied and dismissed the petition, finding that all of petitioner's claims were barred by Va. Code § 8.01-654(B)(2), which prohibits the filing of a successive habeas petition based upon "allegations of facts of which petitioner had knowledge at the time of filing any previous petition."[1] Resp't Mem at Ex. 6; ECF No.8.

---

[1] Regarding Claim C, the Circuit Court for the City of Richmond first found that the Claim was not cognizable in a habeas petition pursuant to Henry v. Warden, 265 Va. 246, 576 S.E.2d 495 (2003), because it was a non-jurisdictional issue that was raised and resolved on direct appeal. However, the Court went on to explain that even if the claim was not barred by Henry v. Warden,

4

Petitioner appealed the dismissal of his habeas petition to the Supreme Court of Virginia, which denied the petition for appeal on July 27, 2010. R. No. 092297, Resp't Mem. at Ex. 7; ECF No. 8. Petitioner sought a petition for writ of certiorari to the United States Supreme Court, which was denied on January 10, 2011.

On March 23, 2011, petitioner timely filed the instant federal petition raising claims identical to those presented in the second state habeas petition. On July 22, 2011, respondent filed a Motion to Dismiss along with a supporting brief and exhibits. Respondent gave petitioner notice and opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner has failed to file a response. Accordingly, this matter is now ripe for review.

## II. Procedural Bar

A finding of procedural default by a state court is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). A state procedural rule is "adequate" if it is firmly established and regularly or consistently applied by the state court, and "independent" if it does not depend upon a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998). When these

---

"petitioner failed to assert Claim C in his initial habeas petition . . . . Thus, Code § 8.01-654(B)(2) would nevertheless serve to bar this Court from now considering the claim. Accordingly, Claim C must be dismissed in its entirety." Ex. 6 at 8; ECF No. 8

5

two requirements have been met, a federal court may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Applying these principles to the instant case compels the conclusion that all of petitioner's claims are procedurally defaulted. The claims in the instant petition are the exact claims petitioner raised in his second state habeas proceeding, which the Circuit Court for the City of Richmond explicitly dismissed as procedurally defaulted pursuant to § 8.01-654(B)(2).[2] Furthermore, the Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision." Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997). Additionally, petitioner has not alleged, and the record does not establish cause and prejudice sufficient to excuse procedural default; nor has petitioner argued that a fundamental miscarriage of justice will result if his claims are not considered. Therefore, petitioner's claims are procedurally defaulted and barred from federal habeas review. Accordingly, this petition must be denied and dismissed.

---

[2] The decision of the Richmond Circuit Court, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused petitioner's habeas appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

## V. Conclusion

For the above-stated reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this \_\_3rd\_\_ day of \_\_January\_\_ 2012

Alexandria, Virginia

_____/s/_____
Gerald Bruce Lee
United States District Judge